IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Plaintiff, | ) | |
| v. | ) | 14 C 6130 |
| JULIAN R. BROWN and ALLIANCE INVESTMENT MANAGEMENT LIMITED, | ) | |
| Defendants. | ) | |

**FINAL JUDGMENT AS TO DEFENDANTS JULIAN R. BROWN AND ALLIANCE INVESTMENT MANAGEMENT LIMITED**

The Securities and Exchange Commission having filed a Complaint and Defendants Julian R. Brown and Alliance Investment Management Limited ("AIM") (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over them in this action and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C.

§ 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' respective officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' respective officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants are permanently restrained and enjoined from violating Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] while using the mails or any means or instrumentality of interstate commerce and acting as an investment adviser within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], by directly or indirectly:

(a) engaging in any act, practice, or course of business which is fraudulent, deceptive or manipulative;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading to any investor or prospective investor in a pooled investment vehicle; or

(c) otherwise engaging in an act, practice, or course of business which is fraudulent, deceptive or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' respective officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant AIM is liable for disgorgement of $300,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $37,831.70, for a total of $337,831.70. Defendant AIM shall satisfy this obligation by paying $337,831.70 pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Final Judgment.

Defendant AIM may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.

Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant AIM may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Alliance Investment Management Limited as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant AIM shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant AIM relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant AIM.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the

United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the date any payment is due, but not made, pursuant to the terms of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Brown is liable for a civil penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act. Defendant Brown shall satisfy this obligation by paying $50,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendant Brown may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Brown may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Julian R. Brown as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Brown shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Brown relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Brown.

The Commission may enforce the Court's judgment for civil penalties by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the date any payment is due, but not made, pursuant to the terms of this Final Judgment. Defendant Brown shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund II"), pending further order of the Court.

The Commission may propose a plan to distribute Fund II subject to the Court's approval. Such a plan may provide that the Fund II shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any

distribution of Fund II. If the Commission staff determines that Fund II will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any Defendant's payment of disgorgement in this action, argue that any Defendant is entitled to, nor shall any Defendant further benefit by, offset or reduction of such compensatory damages award by the amount of any part of any Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

Defendant AIM shall pay the total of disgorgement and prejudgment interest due of $337,831.70, in five (5) installments to the Commission according to the following schedule: (1) $15,000 within 14 days following entry of this Final Judgement, (2) an amount not less than $35,000, within 90 days after entry of this Final Judgment; (3) an amount not less than $50,000, within 180 days after entry of this Final Judgment; (4) an amount not less than $50,000, within 270 after the entry of this Final Judgment; and (5) the unpaid balance of the judgment amount, within 365 days after the entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission. Post judgment interest shall accrue, pursuant to 28 U.S.C. § 1961, on any amounts not paid by the date due according the payment schedule set forth above. Prior to making the final payment set forth herein, Defendant AIM shall contact the staff of the Commission for the amount due for the final payment.

If Defendant AIM fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VII.

Defendant Brown shall pay the total civil penalty in two (2) installments to the Commission according to the following schedule: (1) $25,000, within 14 days after entry of Final Judgment; and (2) $25,000, within 365 days after the entry of

this Final Judgment. Payments shall be deemed made on the date they are received by the Commission. Post judgment interest shall accrue, pursuant to 28 U.S.C. § 1961, on any amounts not paid by the date due according the payment schedule set forth above. Prior to making the final payment set forth herein, Defendant Brown shall contact the staff of the Commission for the amount due for the final payment.

If Defendant Brown fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, Defendant AIM's undertaking to repurchase all AIM preferred stock ("AIM Preference Shares"), as described in the Consent, as soon as the repurchase of such shares, in whole or part, is lawfully permitted under the laws of The Bahamas, including but not limited to The Companies Act of 1992 (as amended). The AIM Preference Shares are currently owned and under the control of the Receiver appointed by the Court in *CFTC v. Battoo et al.*, 12 C 7127 (ND Ill) and Kevin D. Seymour and Kevin G. Cambridge of PriceWaterhouseCoopers Advisory (Bahamas) Ltd., who together were appointed Joint Official Liquidators of BC Capital Group S.A. (collectively, the "JOLs"). AIM shall satisfy its obligation to repurchase the AIM Preference Shares by paying $5 million to the Receiver or JOLs, or to their duly appointed and authorized successors or assigns.

Defendants shall certify, in writing, compliance with the undertaking set forth above. The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. Defendants shall submit the certification and supporting material to

Assistant Regional Director Jeffrey Shank, Chicago Regional Office, 175 West Jackson Blvd., Chicago, Illinois 60605, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days after the date of the completion of the undertaking.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 10-7, 2016

[signature]

UNITED STATES DISTRICT JUDGE